# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1401V
Filed: October 16, 2017
Unpublished

|  |  |
|---|---|
| KAREN AEBIG,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Mallori B. Openchowski*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On October 26, 2016, Karen Aebig ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program").  Petitioner alleges that she suffered injuries to her right shoulder as a result of an influenza vaccination she received on October 26, 2013.  Petition at 1.  On July 20, 2017, the undersigned issued a decision denying petitioner's claim for compensation and dismissing the case for insufficient proof.  (ECF No. 22).  Judgment entered on August 22, 2017.  (ECF No. 23).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 28, 2017, petitioner filed a motion requesting $11,260.00 in attorneys' fees and $400.00 in attorneys' costs for a total amount of $11,660.00. Motion for Attorneys' Fees and Costs ("Motion") at ¶¶ 1-4 (ECF No. 24). Petitioner incurred no out-of-pocket expenses. *Id.* at ¶ 4.

## I.  Relevant Procedural History

Petitioner requests an award of attorneys' fees and costs in the amount of $11,660.00. The motion included contemporaneously created time and expense sheets, and supporting information for her counsel's requested hourly rates. *See* Motion at ¶¶ 1-6; Exhibit A.

On October 3, 2017, respondent filed a response to petitioner's motion. (ECF No. 25.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. No reply was filed.

## II.  Discussion

Under the Vaccine Act, an award of reasonable attorneys' fees and costs is mandatory where a petitioner is found entitled to compensation. § 15(e)(1). However, where the petitioner is unsuccessful, the special master must first determine whether the petition was brought in good faith and the claim had a reasonable basis, before awarding attorneys' fees and costs. *Id.* In this case entitlement was denied, so an award of attorneys' fees and costs is contingent on the undersigned finding good faith and reasonable basis.

The undersigned has reviewed the petition, medical records, and other evidence submitted in this case and finds that petitioner brought her petition in good faith, and that there was a reasonable basis for her claim. Further, once petitioner determined that she would be unable to prove entitlement to compensation, she promptly moved to dismiss her claim. In light of the foregoing, the undersigned finds that petitioner should receive an award of reasonable attorneys' fees and costs.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

### III.        Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs to an unsuccessful litigant when the special master determines that the petition was brought in good faith and that the claim had a reasonable basis.  § 15(e).  The undersigned has done so herein.  Therefore, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a total of $11,660.00,[3] representing reimbursement for all attorneys' fees and costs, in the form of a check jointly payable to petitioner and her counsel, Amy A. Senerth of Muller Brazil, LLP.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.